FILED
07 JUN -6 PM 3:13
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  Barry Wester (No.103588)
   Matthew Brekhus (No.119251)
2  DYKMAN & WESTER, LLP
   17 Keller Street
3  Petaluma, CA  94952
   Tel: 707/769-2990
4  Fax: 707/778-1086

5
   Attorneys for Defendant
6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 | JACK BUCKHORN AND ANISA M.        | Case No. C 07 01191 RMW HRL
   | THOMSEN AS TRUSTEES OF THE
12 | REDWOOD EMPIRE ELECTRICAL
   | WORKERS HEALTH AND WELFARE        | DEFENDANT PETALUMA ELECTRIC,
13 | TRUST FUND, REDWOOD EMPIRE        | INC.'S ANSWER TO PLAINTIFFS'
   | ELECTRICAL WORKERS PENSION        | COMPLAINT
14 | TRUST FUND,

15         Plaintiffs,

16    vs.                                           BY FAX

17 PETALUMA ELECTRIC, INC., a
   California Corporation,
18
           Defendant.
19

20
       Defendant PETALUMA ELECTRIC, INC., answers Plaintiffs' Complaint as follows:
21
       1. The allegations contained in paragraph 1 of the Plaintiffs' Complaint are neither admitted
22
   nor denied for the reason that this Defendant lacks knowledge or information sufficient to form a
23
   belief as to the truth thereof, leaving Plaintiffs to their proofs.
24
       2. The allegations contained in paragraph 2 of the Plaintiffs' Complaint are neither admitted
25
   nor denied for the reason that this Defendant lacks knowledge or information sufficient to form a
26
   belief as to the truth thereof, leaving Plaintiffs to their proofs.
27

28

1      3. The allegations contained in paragraph 3 of the Plaintiffs' Complaint are neither admitted
2  nor denied for the reason that this Defendant lacks knowledge or information sufficient to form a
3  belief as to the truth thereof, leaving Plaintiffs to their proofs.
4      4. Defendant admits the allegations contained in paragraph 4.
5      5. Defendant admits that it was a member of a Collective Bargaining Agreement with the
6  Union, but neither admits nor denies the allegations contained in paragraph 5 for lack of knowledge
7  or information as to a specific collection bargaining agreement and, therefore, leaves Plaintiffs to
8  their proofs.
9      6. Defendant admits that it was a member of a Collective Bargaining Agreement with the
10 Union, but neither admits nor denies the allegations contained in paragraph 6 for lack of knowledge
11 or information as to a specific collection bargaining agreement and, therefore, leaves Plaintiffs to
12 their proofs.
13     7. Defendant admits that it was a member of a Collective Bargaining Agreement with the
14 Union, but neither admits nor denies the allegations contained in paragraph 7 for lack of knowledge
15 or information as to a specific collection bargaining agreement and, therefore, leaves Plaintiffs to
16 their proofs.
17     8. Defendant admits that it was a member of a Collective Bargaining Agreement with the
18 Union, but neither admits nor denies the allegations contained in paragraph 8 for lack of knowledge
19 or information as to a specific collection bargaining agreement and, therefore, leaves Plaintiffs to
20 their proofs.
21     9. Defendant admits that it was a member of a Collective Bargaining Agreement with the
22 Union, but neither admits nor denies the allegations contained in paragraph 9 for lack of knowledge
23 or information as to a specific collection bargaining agreement and, therefore, leaves Plaintiffs to
24 their proofs.
25     10. Defendant admits that it was a member of a Collective Bargaining Agreement with the
26 Union, but neither admits nor denies the allegations contained in paragraph 10 for lack of knowledge
27 or information as to a specific collection bargaining agreement and, therefore, leaves Plaintiffs to
28 their proofs.

11. Defendant admits the allegations contained in paragraph 11.

12. Defendant denies the allegations contained in paragraph 12 for the reason that same are untrue.

13. Defendant denies the allegations contained in paragraph 13 for the reason that same are untrue.

14. Defendant denies the allegations contained in paragraph 14 for the reason that same are untrue.

15. The allegations contained in paragraph 15 of the Plaintiffs' Complaint are neither admitted nor denied for the reason that this Defendant lacks knowledge or information sufficient to form a belief as to the truth thereof, leaving Plaintiffs to their proofs.

## AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a claim upon which relief can be granted.
2. Plaintiffs' claims are barred in whole or in part by the Doctrine of Estoppel.
3. Plaintiffs' claims are barred in whole or in part as result of an accord and satisfaction.
4. Plaintiffs' claims are barred in whole or in part as result of a waiver.
5. Plaintiffs' claims are barred in whole or in part by their failure to mitigate damages.
6. Defendant is entitled to a setoff or credit for benefits paid in error.
7. Plaintiffs are not the proper party in interest.
8. Defendant is entitled to a credit for monies wrongly contributed to the Union.
9. Plaintiffs have failed to properly allocate contributions paid by Defendant.
10. Plaintiffs were the first party to breach the Collective Bargaining Agreement and, therefore, they are barred from recovery.
11. The Liquidated Damages Clause is unenforceable as a matter of law.

///
///
///
///

1  12. Defendant reserves the right to amend its Affirmative Defenses as they become known throughout the course of discovery.

DATED: June 5, 2007

DYKMAN & WESTER, LLP

BY: /s/ Matthew Brekhus
MATTHEW D. BREKHUS
Attorneys for Defendant

# PROOF OF SERVICE

Case Name:          *Jack Buckhorn, et al., v. Petaluma Electric, Inc., et al.*
Court and Case No:    U.S. District Court, Northern District of California
                            Case No. C 07 01191 RMW HRL

Document Name:    **DEFENDANT PETALUMA ELECTRIC, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

I declare as follows:

I am over the age of 18 years and not a party to the above-entitled action. My business name and address is Dykman & Wester, LLP, 790 Mission Avenue, San Rafael, California 94901.

On June 6, 2007 I caused to be served said document on the following parties involved as follows:

Sue Campbell
Attorney at Law
1155 N. First Street, Suite 101
San Jose, CA 95512
Tel: (650) 654-2729
Fax: (650) 654-2727
*Attorneys for Defendant Wells Fargo Bank*

√     BY MAIL: I caused each such envelope above, with postage thereon fully prepaid, to be placed in the United States mail at San Rafael, California. (CCP §1013(a)(1))

__    BY PERSONAL DELIVERY: I caused each such envelope to be delivered by hand to the offices of each addressee noted. (CCP §1010)

__    BY CERTIFIED MAIL - RETURN RECEIPT REQUESTED: I caused each such envelope noted, with postage thereon fully prepaid, to be placed in the United States mail at San Rafael, California. (CCP §1013(a)(1))

X     VIA FACSIMILE TRANSMISSION. (CCP §1013)

__    VIA OVERNIGHT DELIVERY (CCP §1013(c))

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration is executed on June 6, 2007 in San Rafael, California.

_____
Laura Douglas

- 1 -